UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **LAQISHA HEARD,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | }   CASE NO. 7:08-CV-2266-RDP |
| | } |
| **ZX, LLC, et al.,** | } |
| | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on the Motion for Judgment on the Pleadings, or In the Alternative, for Summary Judgment (Doc. # 22) filed by Defendants Christopher Colvin, James Headrick[1], and Bill Burke on December 30, 2010. In response to Defendants' Motion, on January 4, 2010, the court issued an order notifying Plaintiff, Laquisha Heard, of her duties in responding to a motion for summary judgment. (Doc. # 23). In that Order, the court set a deadline of January 25, 2010, for Plaintiff to respond to Defendants' Motion.

Plaintiff Laquisha Heard initiated this action by filing her Complaint in this court. (Doc. # 1). Plaintiff's Complaint states a hostile environment sexual harassment claim and a retaliatory termination claim under Title VII, 42 U.S.C. §§ 2000e, et seq. However, Plaintiff (who was represented by counsel at the time her Complaint was filed) also seeks to pursue these claims under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and under 29 U.S.C. § 621.

Shortly after the case was initiated, the corporate defendant, who employed Plaintiff, filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. (Doc. # 12). The case was therefore automatically stayed against the corporate defendant. (Doc. # 13). Nevertheless, the

---

[1] Defendant Headrick is incorrectly named in the Complaint as "James Hendricks."

court required Plaintiff to proceed against the individual defendants, against whom Plaintiff also asserted claims and made allegations, because they are entitled to defend and/or otherwise have those claims resolved. Despite the fact that the court expressed its concern regarding the viability of the claims asserted against the individual defendants[2], neither Plaintiff nor her former counsel sought to dismiss the claims against them.

In support of their Motion, the individual Defendants filed a brief and evidence. (Doc. # 22 and attachments.) Despite the order instructing Plaintiff regarding her duty to respond to a motion for summary judgment, and providing the January 25, 2010 deadline to file such a response (Doc. # 23), Plaintiff failed to file any brief or evidence in opposition to defendants' Motion.

The court has reviewed the Motion for Judgment on the Pleadings, or In the Alternative, for Summary Judgment (Doc. # 22), the memorandum of law in support thereof (Doc. # 22-1), and the evidentiary material filed in support of the Motion (Doc. # 22-2). The court finds that the legal analysis provided by the Individual Defendants is correct. Plaintiff cannot prevail on her claims under Title VII because there is no individual liability under that statute. As private parties employed by a private entity, they are not subject to liability under 42 U.S.C. § 1983. Plaintiff's sexual harassment and retaliation claims are not viable under 42 U.S.C. § 1981, which prohibits race discrimination. Finally, there exists no liability for gender discrimination and/or harassment under 29 U.S.C. § 621, a statute which prohibits age discrimination.

---

[2] The issues, which the court indicated were more properly resolved by the parties by agreement involved: (1) individual liability under Title VII; (2) liability against private parties under 42 U.S.C. § 1983; (3) liability for gender discrimination and/or harassment under 42 U.S.C. § 1981, which prohibits race discrimination; and (4) liability for gender discrimination and/or harassment under 29 U.S.C. § 621, which prohibits age discrimination. (See Doc. # 15).

Therefore, the individual Defendants have carried their burden of demonstrating the absence of any material factual dispute and that they are entitled to judgment as a matter of law as to all claims asserted against them in the complaint.

A separate order will be entered. The clerk of the court is directed to mail a copy of this memorandum opinion and the accompanying order to Plaintiff.

**DONE** and **ORDERED** this ___28th___ day of January, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE